UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2012 OCT -5 P 2: 27
U.S. DISTRICT COURT
BRIDGEPORT, CONN

KEVIN GALLAGHER, )
　　　　　　　　　PLAINTIFF, )
vs. ) Civil Action No. 3:12CV1430(VLB)
　　　　　　　　　　　　　　　)
ROBERT L. PEAT )
　　　　　　　　　DEFENDANT, )

## COMPLAINT

### Count One

1. At all times hereinafter mentioned, the Plaintiff Kevin Gallagher was and still is a resident of Connecticut residing at 211 Greenwood Ave. 2-2 #156 Bethel CT.

2. Defendant Robert L. Peat incorporated as Flanagan & Peat and having a main office domiciled at 57 North St #102 Danbury Connecticut, and is licensed to do business as an attorney in the state of Connecticut.

3. The Defendant is a third party debt collector and seeking to collect an alleged debt owed to Danbury Hospital by use of the mails.

4. The jurisdiction of this court is invoked pursuant to 28 USC §1331 and 15 USC §1692.

5. On or about August 27, 2012, Plaintiff Kevin Gallagher sent defendant Robert L. Peat a written request for debt validation pursuant to 15 USC §1692g and disputed the debt by certified mail to the Defendant's address.

6. The Defendant failed to provide validation of the debt.

7. The defendant continued to pursue debt collection by mailing a small claims writ ("First Suit") to plaintiff's home address before any response to plaintiff's request for debt validation.

**Count Two**

1. The Plaintiff reallages all preceding paragraphs of this complaint in all preceding counts and reincorporates the same by reference where appropriate.

2. The Defendant included a form and an affidavit with the small claims writ, summons and complaint from PFS Collection Services indicating that it was participating in the collection of the debt allaged.

3. By engaging in the conduct as it did, the Defendant furnished a form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating, thereby creating a civil liability under 15 USC §1692j.

**Count Three**

1. The Plaintiff reallages all preceding paragraphs of this complaint in all preceding counts and reincorporates the same by reference where appropriate.

2. The Plaintiff did not sign a contract with Danbury Hospital or the Defendant.

3. In the suit filed by the Defendant, the Defendant seeks attorney fees.

4. By engaging in this conduct, the Defendant incurred a liability under 15 USC §1692f by attempting to collect a fee that was not contractually authorized.

### Count Four

1. The Plaintiff reallages all preceding paragraphs of this complaint in all preceding counts and reincorporates the same by reference where appropriate.

2. On or about August 2012, the Defendant sent a written communication through the mails claiming that the Plaintiff owed Western Connecticut Medical Group f/k/a Danbury Office of Physician Services P.C money.

3. The Plaintiff then sent defendant Robert L. Peat a written request for debt validation pursuant to 15 USC §1692g and disputed the debt by certified mail to the Defendant's address.

4. The Defendant provided no validation.

5. The Defendant continued to pursue debt collection by mailing a small claims writ ("Second Suit") to plaintiff's home address before any response to plaintiff's request for debt validation.

### Count Five

1. The Plaintiff reallages all preceding paragraphs of this complaint in all preceding counts and reincorporates the same by reference where appropriate.

2. None of the communications sent by the Defendant associated with the First Suit contained formal notice that the Defendant was a debt collector and was attempting to collect a debt for the purposes of 15 USC §1692e.

### Count Six

1. The Plaintiff reallages all preceding paragraphs of this complaint in all preceding counts and reincorporates the same by reference where appropriate.

2. None of the communications sent by the Defendant associated with the Second Suit contained formal notice that the Defendant was a debt collector and was attempting to collect a debt for the purposes of 15 USC §1692e.

Wherefore the Plaintiff demands:

<u>as to Count One</u>

A. Maximum statutory damages;

B. Applicable attorneys fees;

C. Costs; and

D. Any further relief that the court may deem appropriate.

<u>as to Count Two</u>

A. Maximum statutory damages;

B. Applicable attorneys fees;

C. Costs; and

D. Any further relief that the court may deem appropriate.

<u>as to Count Three</u>

A. Maximum statutory damages;

B. Applicable attorneys fees;

C. Costs; and

D. Any further relief that the court may deem appropriate.

<u>as to Count Four</u>

A. Maximum statutory damages;

B. Applicable attorneys fees;

C. Costs; and

D. Any further relief that the court may deem appropriate.

### as to Count Five

A. Maximum statutory damages;

B. Applicable attorneys fees;

C. Costs; and

D. Any further relief that the court may deem appropriate.

### as to Count Six

A. Maximum statutory damages;

B. Applicable attorneys fees;

C. Costs; and

D. Any further relief that the court may deem appropriate.

_____
Kevin Gallagher
Plaintiff
211 Greenwood Ave 2-2 #156
Bethel, CT